UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC NEAL, individually and on behalf of all others similarly situated and the California general public,<br><br>Plaintiff,<br><br>vs.<br><br>SARA LEE CORPORATION and EARTHGRAINS BAKING COMPANIES, INC.,<br><br>Defendants. | Case No. 3:12-cv-01070-EDL<br><br>[~~PROPOSED~~] ORDER (1) CONFIRMING CERTIFICATION OF CLASS ACTION FOR SETTLEMENT PURPOSES; (2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT<br><br>Magistrate Judge Elizabeth D. Laporte<br><br>Complaint Filed: March 2, 2012 |

This matter came on for hearing on June 11, 2013 at 9:00 a.m., or as soon thereafter, upon the Court's Order of January 30, 2013 (Doc. No. 46) and following the parties' joint motion for final approval of the settlement in this action. Due and adequate notice having been given to the Class (as defined below), and the Court having considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the above-captioned action (the "Action"), the Class Representative, Defendants Sara Lee Corporation and Earthgrains Baking Companies, Inc. ("Earthgrains") (together, "Defendants") and all members of the Class,

1  which consists of all current and former Earthgrains employees who work or worked as Route
2  Sales Representatives ("RSRs") in California and who had Uniform Expenses – as defined in the
3  Joint Stipulation of Class Settlement and Release entered into by the parties in this action (the
4  "Stipulation") – deducted from their wages at any time between February 18, 2008 and the entry
5  date of the Preliminary Approval Order (collectively the "Class" or "Class Members").

6     2.      All terms herein shall have the same meaning as terms defined in the Stipulation,
7  unless specifically provided otherwise herein.

8     3.      The Court grants final approval of the parties' Settlement on the terms set forth in
9  the Stipulation.

10     4.      The Court finds that the distribution by first-class mail of the Notice of Proposed
11  Class Action Settlement and Election Not to Participate in Settlement Form (the "Notice
12  Materials") constituted the best notice practicable under the circumstances to all persons within
13  the definition of the Class, and fully met the requirements of due process under the United States
14  Constitution and applicable state law. Based on evidence and other material submitted in
15  conjunction with the Fairness Hearing, the actual notice to the Class was adequate. These papers
16  informed Class Members of the terms of the Settlement, their right to a share of the Settlement
17  Payment, their right to object to the Settlement, or to elect not to participate in the Settlement and
18  pursue their own remedies, and their right to appear in person or by counsel at the Fairness
19  Hearing and to be heard regarding approval of the Settlement. Adequate periods of time were
20  provided by each of these procedures, as set forth in the Court's preliminary approval order and
21  the Stipulation. [No Class Members objected to the Settlement, and only one (1) individual opted
22  out of the Settlement.]

23     5.      The Court finds, for settlement purposes only, that the Class satisfies the
24  applicable standards for certification under Federal Rules 23(a) and 23(b)(3). Accordingly, solely
25  for purposes of effectuating this Settlement, this Court has certified a class of all Class Members,
26  as that term is defined above. Because the Rule 23 class is being certified here for settlement
27  purposes only, the Court need not (and does not) address the manageability requirement of Rule
28  23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

6.       The Court approves the Settlement of the Action, and each of the releases and other terms set forth in the Stipulation, as fair, just, reasonable and adequate as to the Class, the Class Representative, and Defendants (collectively "Settling Parties").  The Settling Parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Stipulation.

7.       Except as to any individual claim of those persons (identified in Exhibit B of the Declaration of Kathleen Wyatt, separately filed herein) who have validly and timely requested exclusion from the Class, all of the claims asserted in the above-captioned matter are dismissed with prejudice as to the Class Representative and the Class Members.  The Settling Parties are to be paid their attorneys' fees and costs, in accordance with the Stipulation.

8.       By this Judgment, the Class Representative on behalf of himself and his heirs and assigns, hereby releases Earthgrains Baking Companies, Inc., Hillshire Brands Company f/k/a Sara Lee Corporation, and their past, present and future parents, subsidiaries (whether or not wholly-owned), joint ventures, affiliates (including each such affiliate's past, present and future parents, subsidiaries and joint ventures), divisions and subdivisions, and each of such entities' current and former officers, directors, employees, partners, shareholders, agents, insurers, successors, assigns, and legal representatives, all in their individual and corporate capacities (collectively, the "Released Parties"), from any and all claims, damages, costs, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature and description, whether known or unknown, whether anticipated or unanticipated, arising on or before the date this Judgment becomes Final, including, but not limited to, those claims that were or could have been asserted in this Action, including claims arising under the Fair Labor Standards Act; the California Working Hours Law; the California Payment of Wages Law; California Labor Code §§ 96 through 98.2 et seq., §§ 200 et seq. (including, but not limited to §§ 201, 202, 203, 204, 210, 218, 218.5, 218.6, 226(a), 226.3 and 226.7), §§ 300 et seq., §§ 400 et seq., §§ 500 et seq. (including but not limited to §§ 510, 512 and 558), § 1194 and §§ 1198-1199; the California Unfair Competition Act and, in particular, the California Business & Professions Code §§ 17200 et seq.; the PAG Act, codified at California Labor Code §§ 2698 et seq.; and California Code of

1  Civil Procedure §1021.5; all discrimination, harassment and retaliation claims; all penalties that
2  were sought or could have been sought in the Action, liquidated damages, related tort and
3  punitive damages, interest, attorneys' fees, litigation costs, restitution, and declaratory or
4  equitable relief (collectively, the "Class Representative's Released Claims").

5      9. By this Judgment, each Class Member who has not validly and timely requested
6  exclusion from the Settlement by opting out (including the Class Representative), shall be
7  deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released
8  and discharged the Released Parties from any and all state and local wage/hour and wage
9  payment claims, damages, penalties, or causes of action, whether known or unknown and whether
10 anticipated or unanticipated, arising prior to the date this Judgment becomes Final, that were or
11 could have been pled based upon the factual allegations in the Complaint, including, but not
12 limited to, all claims ~~relating~~ [^ based on the factual allegations in the complaint that relate] to Uniform Expenses and ~~all claims arising~~ [^ arise] under the California
13 Working Hours Law; the California Payment of Wages Law; California Labor Code §§ 96
14 through 98.2 et seq., §§ 200 et seq. (including, but not limited to, §§ 201, 202, 203, 204, 210, 218,
15 218.5, 218.6, 226(a), 226.3 and 226.7), §§ 300 et seq., §§ 400 et seq., §§ 500 et seq. (including
16 but not limited to §§ 510, 512 and 558), § 1194 and §§ 1198-1199; the California Unfair
17 Competition Act, and in particular, California Business & Professions Code §§ 17200 et seq.; the
18 PAG Act, codified at California Labor Code §§ 2698 et seq.; and California Code of Civil
19 Procedure §1021.5; all penalties that were sought or could have been sought in the Action,
20 liquidated damages, compensatory and punitive damages, interest, attorneys' fees, litigation costs,
21 restitution, and declaratory or equitable relief (collectively, the "Participating Class Members'
22 Released Claims").

23     10. By this Judgment, Class Counsel hereby releases all claims, causes of action,
24 demands, damages, costs, rights, and liabilities of every nature and description for attorneys' fees,
25 costs, and expenses against the Released Parties arising from or related to this Action, the Class
26 Representative's Released Claims, or the Participating Class Members' Released Claims ("Class
27 Counsel's Released Claims").

28

11. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be cited or used as an admission of, or evidence of, the validity of any of the released claims described above, any wrongdoing or liability of Defendants or any of the Released Parties, or whether class action certification is warranted in this Action or any other proceeding or that decertification is not warranted in this Action or any other proceeding; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendants or any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Judgment from the above-captioned matter in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. The Action is dismissed on the merits and with prejudice, permanently barring the Class Representative and Class Members (other than those who timely filed valid written requests for exclusion from the Class) from prosecuting any of the Participating Class Members' Released Claims, permanently barring the Class Representative from prosecuting any of the Class Representative's Released Claims, and permanently barring Class Counsel from prosecuting any of Class Counsel's Released Claims.

13. The Court hereby orders the appointment of Cedric Neal as Class Representative for the Class for purposes of the Settlement.

14. The Court hereby orders the appointment of Daniel Feder and Bailey Bifoss of the Law Offices of Daniel Feder as Class Counsel for the Class for purposes of Settlement and the releases and other obligations therein.

15. Pursuant to the Stipulation, Earthgrains shall pay One Hundred Five Thousand Dollars and No Cents ($105,000.00) to fund the Qualified Settlement Fund. Defendants shall not be required to make any other payments in connection with the Settlement.

16. The Court finds that the plan of allocation for the Qualified Settlement Fund set forth in the Stipulation is fair and reasonable and that distribution of the Qualified Settlement Fund shall be made in accordance with the terms outlined in the Stipulation, subject to the following:

    a. The Court hereby awards to Class Counsel attorneys' fees of $ 26,250.00 and costs of $ 794.30.

    b. The Court hereby approves the payment of settlement administration costs in the amount of $ no more than $14,500.00 to the Settlement Administrator, Gilardi & Co., for services rendered in connection with the Settlement.

    c. The Court hereby awards to the Class Representative an enhancement payment in the amount of $ 1,000.00 for his contributions to the Action.

    d. The Settlement Administrator is directed to make the foregoing payments to Class Counsel, the Settlement Administrator, and the Class Representative in accordance with the terms of the Stipulation. These payments shall come out of the Qualified Settlement Fund. After deducting the foregoing, the remaining funds shall constitute the Net Qualified Settlement Fund ("Net QSF"), and the Settlement Administrator shall distribute the Net QSF to the Participating Class Members pursuant to the terms of the Stipulation.

17. Any uncashed Settlement Share checks shall be sent to the California uncashed check fund in the name of the Participating Class Member.

18. If this Judgment becomes Final, Earthgrains will also provide the following non-monetary relief: (i) after the date this Judgment becomes Final, Earthgrains will not take any deductions from the wages of its RSRs in California to cover any portion of the cost of any Uniform Expenses; and (ii) without acknowledging that any aspect of the existing agreement or agreements is improper or unlawful, which it disputes, Earthgrains will confer with the authorized representatives of the unions that represent its RSRs in California to attempt to agree on an amendment to the governing collective bargaining agreement or agreements that will eliminate any obligation by RSRs to pay any portion of the cost of purchasing apparel.

19. This matter is hereby dismissed with prejudice. The Court reserves and retains exclusive and continuing jurisdiction over the above-captioned matter, the Class Representative, the Class, Class Counsel, and Defendants for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement and this Judgment.

20. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Date: June 13, 2013

_____
Elizabeth D. Laporte
United States Magistrate Judge